NEWMAN, Circuit Judge,
concurring in part, dissenting in part.
I agree that further proceedings are warranted, and to that extent I concur in the remand. However, this court has placed obstacles to those proceedings that may be insurmountable in view of the court’s endorsement, without review, of the full scope of the claim of state secrecy. Our order that Crater must identify and establish the secret information that it provided to Lucent in connection with the Crater Coupler does not remove this information from the government’s secrecy order.
The panel majority holds, without the review required by precedent, that “we see no error in the [district] court’s decision sustaining the government’s assertion of the state secrets privilege,” op. at 1262, ante; that “the government has properly *1270 invoked the state secrets privilege and that a valid state secret exists in this case,” id. at 1269; and that “we agree that there is a state secret here that must be protected,” id. at 1268. None of us on this panel has inspected any of the information for which the claim is made, nonetheless ratifying the withholding of the 26,000 documents in the government’s file, and ratifying the prohibitions on Lucent including disclosure of its use of Crater’s information. It is far from clear that Crater can now place this information on the public record or otherwise implement this court’s remand.
Thus there is a serious cloud on Crater’s ability to describe the “trade secrets” that Crater provided to Lucent with the Crater Coupler, for the government has asserted that all information related to the Crater Coupler is a state secret. Indeed, if it is sensitive technology, that breadth of state secrecy may well be essential. The district court accepted the “state secrecy” of the 26,000 documents from the government’s files, while remarking that they included such documents as pleadings that are in the public record. This court has seen only one of the 26,000 documents, which contains, as the majority opinion reports, only the general statement that (unidentified) documents were reviewed (by somebody unnamed) and claiming the state secret privilege without limitation. There was no compliance with the requirement that the official invoking the privilege “must set forth, with enough particularity for the court to make an informed decision, the nature of the material withheld and of the threat to the national security should it be revealed.” Kinoy v. Mitchell, 67 F.R.D. 1, 8 (S.D.N.Y.1975). If the claim is to be preserved in the breadth with which it is asserted, our appellate responsibility requires assuring ourselves of the scope and limits of the claim. Precedent has well clarified the requirements:
[T]he privilege may not be used to shield any material not strictly necessary to prevent injury to national security; and whenever possible, sensitive information must be disentangled from nonsensitive information to allow for the release of the latter.
Ellsberg v. Mitchell, 709 F.2d 51, 57 (D.C.Cir.1983). In particular, and critical to this case, a valid state secrets claim need not deprive Crater of necessary relief.
I agree that Crater should have the opportunity to establish that it had trade secrets and that they were disclosed by Lucent to the government without authorization. However, the claim of military/state secrecy appears to extend to the information that Crater provided to Lu-cent in connection with this project, for if that information was indeed used by Lu-cent, as Crater asserts and Lucent does not deny, it is covered by the secrecy order. Thus we appear to have devised a remedy impossible of performance.
The remedy the panel has fashioned was not suggested by any party. The district court, having reviewed the government’s documents, observed that Crater can not make its case, and Lucent can not make a defense, without violation of the secrecy order. Although the majority opinion states that “the question of whether the state secrets privilege would be implicated by the production of particular documents is not ripe for resolution and our discussion should not be read as resolving that question,” op. at 1266, this statement is contradicted by the majority’s blanket ratification of the state secret claim, adding confusion to risk.
This case raises important principles of law and procedure, for military and state secrets indeed warrant protection from the nation’s enemies. At the same time, persons who serve the government must have a reasonable way of resolving disputes. It is neither in the nation’s interest, nor can *1271 it be the nation’s intention, to bar judicial relief when disputes arise among persons who serve sensitive government business. The merits of the dispute between Crater and Lucent are not before us; the only-question is whether the dispute can be adjudicated at all.
The judicial obligation is to enable resolution, with safeguards appropriate to the subject matter. Although there may be areas of such sensitivity that no judicial exposure can be countenanced — -such as, perhaps, the formation of the Manhattan Project — there is no suggestion that the sensitive information concerning the Crater Coupler can not be protected by well-established judicial procedures for preserving the security of sensitive information. Persons who do business with the government should not readily be barred from access to judicial remedy, lest the government lose access to the talents of the private sector, and government reputation for fairness be diminished.
This case does not raise the constitutional debate about public trials; this is a commercial dispute, of interest only to the parties. It seems clear that the court’s requested remand cannot be implemented without risk of violating the secrecy order, with possible penalty. This is the third judicial cycle of this simple dispute. We should remand this case for in camera proceedings that would protect the information from public disclosure, and allow this dispute to come to closure. Trials in camera of issues subject to secrecy restraints are not new, and such trial would be the appropriate procedure in this case.